IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| EDWARD A. JOBES, | § | |
| | § | |
| Defendant Below- | § | No. 313, 2018 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID K1510004414 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: July 26, 2018
Decided: August 30, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

**O R D E R**

Upon consideration of the notice to show cause, the appellant's response, and the State's reply, it appears to the Court that:

(1) On June 18, 2018, the Court received the appellant Edward Jobes' *pro se* notice of appeal from the Superior Court's order, dated January 11, 2018, denying his first motion for postconviction relief. Under Supreme Court Rule 6(a)(iv), a timely notice of appeal should have been filed within thirty days after docketing of the trial court's order.

(2) The Senior Court Clerk issued a notice directing Jobes to show cause why the appeal should not be dismissed as untimely. Jobes filed a response to the

notice to show on July 2, 2018, asserting that the Superior Court never provided him with a copy of the order denying his postconviction motion. Jobes contends that he only found out about the order through the prison law library's LEXIS system.

(3) The State filed a reply to Jobes' response. The State contends that the prison mail records support Jobes' assertion that he never received a copy of the Superior Court's order. Because it is unknown whether the issue was caused by Superior Court personnel, the postal service, or prison mail personnel, the State indicates that it does not object to remanding this matter to the Superior Court to reissue its order denying postconviction relief in order to allow Jobes the opportunity to file a timely notice of appeal.

(4) We agree that the proper course of action is to remand this matter to the Superior Court. Upon remand, the Superior Court should reissue its order and provide Jobes with a copy in order to permit Jobes the opportunity to file a timely appeal.

NOW, THEREFORE, IT IS HEREBY ORDERED that the matter is REMANDED to the Superior Court for further action in accordance with this order. Jurisdiction is not retained.

BY THE COURT:
*/s/ Leo E. Strine, Jr.*
Chief Justice

2